MULHALL BROTHERS v. EMMA BERG, *et al.*, Appellants.

**Presumption of Nonpayment: EVIDENCE.** In an action on a note signed by husband and wife, defendant husband testified that the note was paid by another note signed by him, his wife, and his father-in-law, and that the note in suit was not surrendered because plaintiffs claimed they lost it. This evidence was corroborated by that of the wife and the father-in-law, but their knowledge of English was very imperfect and it did not appear that the transaction involving the payment was not in English. The note in suit was amply secured, and the one alleged to have been given in payment thereof was not secured. A witness testified that he heard one of the defendants ask plaintiff "about that note," and they replied that they "had not found the note yet," but what

.. note was referred to did not appear. *Held,* that the presumption
of nonpayment arising from the fact of plaintiffs' possession of
the note in suit was not overcome.

*Appeal from Lyon District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

SATURDAY, MAY 25, 1895.

Action in equity to recover the amount of two
promissory notes and for the foreclosure of a mortgage
upon land in Lyon county, given to secure their pay-
ment. There was a hearing on the merits, and a decree
for the plaintiffs as prayed. The defendants appeal.
—*Affirmed.*

*McMillan & Dunlap* for appellants.

*W. C. Leonard* and *E. C. Roach* for appellees.

Robinson, J.—On the twenty-first day of October,
1889, the defendants Emma Berg and August Berg
made to the plaintiffs two promissory notes for the sum
of two hundred dollars each, with interest thereon at
the rate of ten per cent. per annum, one of which was
due on the first day of December, 1890, and the other
one year later. A third note, due November 1, 1892, for
one hundred and forty dollars, was also given. To
secure the payment of these notes, the defendants exe-
cuted a mortgage on a farm, which contained one hun-
dred and sixty acres. The note for one hundred and
forty dollars was paid a few days before it was due.
This action was commenced to recover the amount due
on the other two notes. On the back of each are indorse-
ments as follows: "Interest paid on the within to
November 1, 1890, and extended one year." "Interest
paid to November first and extended to November 1,
1892." It is admitted that the second of these notes is
unpaid, excepting as shown by the indorsements, and

no question is made with respect to it. The controversy
is wholly in regard to the first one, which was originally
made payable on the first day of November, 1890. The
defendants claim that it was paid on the fifth day of
December, 1890, by the giving of a new note for the
sum of two hundred dollars, with interest thereon at
the rate of eight per cent. per annum after maturity,
payable on the fifth day of December, 1891, and signed
by the defendants and A. Schemmel. That was paid
in October, 1891. The plaintiffs deny the alleged pay-
ment, and claim that the note of December 5, 1890, was
for money loaned to the defendants at that time. As
the note in controversy is in the possession of the plaint-
iffs, the burden is on the defendants to prove the pay-
ment claimed. The defendant August Berg testifies
that when it became due he asked for an extension of
the time of payment, but could not obtain it unless he
gave a note signed by himself, his wife, and his father-
in-law, Schemmel; that a note of that character was
given, not as collateral security, but in payment of
the note in controversy; that when this was done the
plaintiffs claimed that the note thus paid was lost, but
said they would find it, and send it to the defendants
by mail, and that he called for the note several times
afterwards, but the plaintiffs always claimed that it
was lost, and had not been found. The defendant
Emma Berg is the wife of her co-defendant. She testi-
fies that the note of December 5, 1890, was given in pay-
ment of the one in controversy, and that the plaintiffs
said that the latter was lost, but would be sent to the
defendants when found. Her father, Schemmel, who
signed the note on a later date, testifies that it was
given in payment of the one in controversy, and that
the plaintiffs stated that the latter was lost, but that
they would send it to him. Little weight can be given
to the testimony of the wife and her father, for the
reason that neither is able to understand the English

language readily. Both testified with the aid of an interpreter, and it is not claimed but that the conversations to which they refer were in English. It is evident that their knowledge of the matter to which they testify was almost wholly derived from the defendant August Berg. A witness named Bierkamp claims to have heard August Berg, in December of the year 1891, inquire of the plaintiff "about the note," and heard one of the Mulhalls answer that he "hadn't found the note yet," but the note was not otherwise described, and the witness did not know what one was referred to. The plaintiffs deny that the note in question was ever lost, and say that it was held by a bank in Waukegan, Ill., when the note of December 5, 1890, was given. They deny that they ever told the defendants or Schemmel that the note was lost. The mortgage by which it was secured was subject to another on the same farm for two thousand dollars, but the farm was worth not less than three thousand five hundred dollars, and the note was amply secured. The one claimed to have been given for it bore no interest until it was due, and after that time only eight per cent. per annum. The plaintiff with whom the business was transacted testifies that the books of the plaintiffs show that when it was given the defendants received in money the amount of the note, after deducting the discount. The note was less valuable than the one in controversy, and there was no adequate reason for the plaintiffs to make the arrangement claimed by the defendants to have been made. They do not deny that interest was paid on the note in controversy, but deny knowledge of the payment if made, and of the extension. Their testimony, and especially that of August Berg, is in some respects unsatisfactory and hardly credible. We are of the opinion that they have failed to overcome the legal presumption which arises from the possession of the note by the plaintiffs,

and the evidence in their behalf that it is unpaid. The decree of the district court was warranted by the evidence, and it is *affirmed*.